IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THE HANOVER INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 4:04CV00668DDN |
| v. | ) ) ) | |
| TMP INTERNATIONAL, INC., et al., | ) ) ) | |
| Defendants. | ) | |

**DEFENDANT TONY TWIST'S ANSWER TO COMPLAINT
FOR DECLARATORY JUDGMENT, AFFIRMATIVE DEFENSES AND
COUNTERCLAIM**

ANSWER

Defendant Tony Twist ("Defendant") hereby answers the Complaint for Declaratory Judgment of Plaintiff Hanover Insurance Company ("Hanover") and states:

1.  Defendant admits the allegations of paragraph 1 based upon information and belief.

2.  Defendant admits the allegations of paragraph 2.

3.  Defendant admits the allegations of paragraph 3.

4.  Defendant admits that McFarlane was and is an executive officer of TM Productions and TMP International. Defendant denies that McFarlane is a resident of Arizona.

5.  Defendant admits the he is a citizen of the state of Missouri. The rest of the allegations set out in this numbered paragraph state a legal conclusion to which no answer is necessary. To the extent a response is required, Defendant does not have sufficient knowledge or information to form a belief as to the truth of the other specific averments set out in this

numbered paragraph and as such denies same, however Defendant admits that he has an interest in the insurance coverage determination sought herein.

6. The allegations set out in this numbered paragraph state a legal conclusion to which no answer is necessary. To the extent a response is required, Defendant does not have sufficient knowledge or information to form a belief as to the truth of the specific averments set out in this numbered paragraph and as such denies same.

7. The allegations set out in this numbered paragraph state a legal conclusion to which no answer is necessary. To the extent a response is required, Defendant does not have sufficient knowledge or information to form a belief as to the truth of the specific averments set out in this numbered paragraph and as such denies same.

8. The allegations set out in this numbered paragraph state a legal conclusion to which no answer is necessary. To the extent a response is required, Defendant does not have sufficient knowledge or information to form a belief as to the truth of the specific averments set out in this numbered paragraph and as such denies same.

9. Defendant does not have sufficient knowledge or information to form a belief as to the truth of the specific averments set out in this numbered paragraph and as such denies same. Defendant answers further that the relevant documents speak for themselves and are the best source of information about the documents, but admits that Hanover issued a commercial general liability insurance policy to TMP International.

10. Defendant admits the allegations of paragraph 10. Defendant answers further that the relevant documents speak for themselves and are the best source of information about the documents.

11. Defendant admits that McFarlane is named as an additional insured under the Policy but further states he does not have sufficient knowledge or information to form a belief as to the truth of the remainder of the averments set out in this numbered paragraph and as such denies same. Defendant answers further that the relevant documents speak for themselves and are the best source of information about the documents.

12. Defendant, upon information and belief, admits that the Policy provided coverage for bodily injury, property damage, personal injury and advertising injury but further states that the relevant documents speak for themselves and are the best source of information about the documents.

13. Defendant admits that the Policy contains the language referenced in paragraph 13, however Defendant answers further that the Policy contains other relevant language and that the documents speak for themselves and are the best source of information about the documents.

14. Defendant admits the specific allegations set out in this numbered paragraph.

15. Defendant admits that the claims for defamation and civil conspiracy have been dismissed or denied. Defendant denies that claims for injunctive relief have been dismissed or denied.

16. Defendant admits the specific allegations set out in this numbered paragraph but states that this numbered paragraph in the Complaint fails to set out all of Defendant's allegations, which are contained in Defendant's pleadings in the underlying suit. Defendant answers further that the pleadings speak for themselves and are the best source of information about Defendant's allegations in the underlying suit.

17. Defendant admits the specific allegations set out in this numbered paragraph but

states that this numbered paragraph in the Complaint fails to set out all of Defendant's allegations, which are contained in Defendant's pleadings in the underlying suit. Defendant answers further that the pleadings speak for themselves and are the best source of information about Defendant's allegations in the underlying suit.

18. Defendant admits the specific allegations set out in this numbered paragraph.

19. Defendant admits the specific allegations set out in this numbered paragraph. Defendant answers further that the *Spawn* comic books sold with the toys were produced by TMP International.

20. Defendant does not have sufficient knowledge or information to form a belief as to the truth of the specific averments set out in this numbered paragraph and as such denies same.

## Count I – Declaratory Judgment on the Duty to Defend

21. Defendant restates and incorporates herein by reference all of his previous responses.

22. The allegations set out in this numbered paragraph state a legal conclusion to which no answer is necessary. To the extent a response is required, Defendant does not have sufficient knowledge or information to form a belief as to the truth of the specific averments set out in this numbered paragraph and as such denies same.

23. The allegations set out in this numbered paragraph state a legal conclusion to which no answer is necessary. To the extent a response is required, Defendant does not have sufficient knowledge or information to form a belief as to the truth of the specific averments set out in this numbered paragraph and as such denies same.

## Count II – Declaratory Judgment on the Duty to Indemnify

24.     Defendant restates and incorporates herein by reference all of his previous responses.

25.     The allegations set out in this numbered paragraph state a legal conclusion to which no answer is necessary. To the extent a response is required, Defendant does not have sufficient knowledge or information to form a belief as to the truth of the specific averments set out in this numbered paragraph and as such denies same.

26.     The allegations set out in this numbered paragraph state a legal conclusion to which no answer is necessary. To the extent a response is required, Defendant does not have sufficient knowledge or information to form a belief as to the truth of the specific averments set out in this numbered paragraph and as such denies same.

## Affirmative Defenses

As his affirmative defenses to Plaintiff's Complaint, Defendant states:

1.     Plaintiff's Complaint fails to state a cause of action upon which relief may be granted and therefore should be dismissed.

2.     Plaintiff's claims are barred by the doctrine of laches.

3.     Plaintiff's claims are barred by the applicable statute of limitations.

4.     Plaintiff's claims are barred by the doctrine of waiver.

5.     Plaintiff's claims are barred by the doctrine of estoppel.

6.     Plaintiff's claims are barred by the fact of Plaintiff's prior breach of contract or the unclean hands doctrine.

WHEREFORE, Defendant Tony Twist, having fully answered Plaintiff's Complaint,

respectfully prays that the Court dismiss Plaintiff's Complaint, enter judgment in his favor on his Counterclaim, award Defendant his costs incurred, and grant all other relief the Court deems appropriate.

## COUNTERCLAIM AND CROSS-CLAIM

Defendant Tony Twist ("Tony Twist"), for his counterclaim against Plaintiff The Hanover Insurance Company ("Hanover") and Cross-claim against Defendants TMP International, Inc.("TMPI"), Todd McFarlane Productions, Inc.("TMP"), and Todd McFarlane ("McFarlane") states:

### General Allegations

1. Upon information and belief, Hanover is a corporation organized and existing under the laws of the State of New Hampshire, with its principal place of business in the Commonwealth of Massachusetts.

2. Defendant TMPI is a corporation organized and existing under the laws of the State of Michigan, and has its principal place of business in Tempe, Arizona.

3. Defendant TMP is a corporation organized and existing under the laws of the State of Arizona, and has its principal place of business in Tempe, Arizona.

4. McFarlane is an individual who is a resident of Canada. McFarlane was and is an executive officer of TMPI and TMP.

5. Tony Twist is a resident and citizen of the State of Missouri.

6. On or about May 1, 1995, Hanover issued a commercial general liability insurance policy to TMPI. The policy was effective beginning May 1, 1995, until May 1, 1996, and it was renewed for two years until May 1, 1998. The Policy Number was ZHH4312739 (hereinafter the

Policy).

7. TMP is named as an additional insured under the Policy.

8. McFarlane is also named as an additional insured under the Policy.

9. The Policy provides coverage for four types of injuries: bodily injury, property damage, personal injury and advertising injury.

10. The Policy provided in part:

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as a result of "bodily injury" or "property damage" to which this insurance applies.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as a result of "personal injury" or "advertising injury" to which this insurance applies.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**SECTION V - DEFINITIONS**

1. "Advertising injury" means injury arising out of one or more of the following offenses:

   a. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

   b. Oral or written publication of material that violates a person's right of privacy;

7

        c.        Misappropriation of advertising ideas or style of doing business;...

\*\*\*

   13.      "Personal injury" means injury, other than "bodily injury", arising out of one or more of the following offenses:

        ...

        d.        Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or

        e.        Oral or written publication of material that violates a person's right of privacy.

\*\*\*

   15.      "Property damage" means:

        a.        Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

        b.        Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

11.    In 1997, Tony Twist filed a lawsuit against TMPI, TMP, McFarlane and others in which he sought money damages and injunctive relief. The lawsuit was filed and is pending in the City of St. Louis, State of Missouri, and is styled *John Doe (Tony Twist) v. TCI Cablevision, et. al.;* Cause no. 972-9415. On July 5, 2000, a jury rendered its verdict in favor of Tony Twist against TMPI, TMP, McFarlane and two other defendants. The jury awarded Tony Twist $24,500,000.00. The trial court thereafter entered a judgment notwithstanding the verdict or in the alternative a new trial, and Tony Twist appealed. The Missouri Supreme Court, in *Doe v. TCI Cablevision,* 110 S.W.3d 363 (Mo. 2003), reversed the judgment notwithstanding the verdict

and remanded the case for a new trial.

12. On remand, Tony Twist amended his petition by interlineation to make his petition consistent with the opinion of the Missouri Supreme Court and asserted a claim for violation of Tony Twist's right of publicity and also sought a permanent injunction.

13. The second trial of Tony Twist's lawsuit against TMPI, TMP, McFarlane and two other defendants commenced on June 14, 2004. On July 9, 2004, a unanimous jury entered a verdict in favor of Tony Twist and against McFarlane and TMP. The jury unanimously awarded Tony Twist $15,000,000.00 in actual damages against these Defendants. The trial court entered its judgment on the jury verdict on the same date. A copy of the Judgment is attached hereto as Exhibit 1.

14. This Court has pendent jurisdiction over Tony Twist's counterclaim and cross-claim under 28 U.S.C.A. § 1367.

15. This Court has venue over the counterclaim pursuant to 28 U.S.C. § 1391 because the claim for coverage arose in this district.

**Count I - Declaratory Judgment**

For Count I of his Counterclaim against Hanover, TMPI, TMP and McFarlane, Tony Twist states as follows:

16. Tony Twist hereby restates and incorporates by reference as if set forth herein paragraphs 1-15, above.

17. TMPI, TMP and McFarlane are named as Cross-Claim Defendants as necessary parties because they have an interest in the insurance coverage determination being sought herein.

9

18. The Policy between Hanover and Defendants TMPI, TMP, and McFarlane requires that Hanover indemnify and defend Defendants TMPI, TMP, and McFarlane with respect to the lawsuit filed by Tony Twist against Defendants TMPI, TMP, and McFarlane because those same Defendants caused the loss of the use of Tony Twist's name, which is Tony Twist's personal property, and because the same Defendants otherwise injured Tony Twist through their use of his name without consent and with the intent to gain a commercial advantage.

19. A substantial, immediate, and actual justiciable controversy exists between the parties, which have adverse legal interests, in this matter by virtue of that fact that a demand has been made on the Policy between Hanover and Defendants TMPI, TMP, and McFarlane.

WHEREFORE, Defendant Tony Twist prays that the Court enter a judgment declaring that the Policy between The Hanover Insurance Company and Defendants TMP International, Inc., Todd McFarlane Productions, Inc., and Todd McFarlane requires that Hanover indemnify and defend Defendants TMP International, Inc., Todd McFarlane Productions, Inc., and Todd McFarlane with respect to the lawsuit filed by Tony Twist against Defendants TMP International, Inc., Todd McFarlane Productions, Inc., and Todd McFarlane, and requests all other appropriate and necessary relief.

### Count II - Statutory Action under V.A.M.S. § 379.200

For Count II of his Counterclaim against Hanover, Tony Twist states as follows:

20. Tony Twist hereby restates and incorporates by reference as if set forth herein paragraphs 1-19, above.

21. As set forth more fully above, the Policy between Hanover and TMPI, TMP, and

McFarlane provides coverage to TMPI, TMP and McFarlane for the right of publicity claim of Tony Twist and the property damages he sustained as a result thereof.

22.     Accordingly, under V.A.M.S. § 379.200 Hanover is to apply the proceeds under the Policy as partial satisfaction of the $15,000,000.00 verdict and judgment in favor of Tony Twist.

WHEREFORE, Defendant Tony Twist prays this Court enter judgment in his favor on Count II of his Counterclaim against Plaintiff The Hanover Insurance Company and order application and payment of the proceeds under the Policy as partial satisfaction of the $15,000.000.00 verdict and judgment in favor of Tony Twist and for his costs herein incurred and for such other and further relief as the Court deems just and proper.

                BLITZ, BARDGETT & DEUTSCH, L.C.

By: _____
Robert D. Blitz, #3557
R. Thomas Avery, #3509
Christopher O. Bauman, #499786
Ellen W. Dunne #3024
120 S. Central Ave., Suite 1650
St. Louis, Missouri 63105
(314) 863-1500 (telephone)
(314) 863-1877 (facsimile)

                HOLLORAN & STEWART

        James Holloran
        1010 Market Street
        Suite 1650
        St. Louis, Missouri 63101
        Co-Counsel for Defendant Twist

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was delivered by placing same in the U.S. Mail on this 9th day of August, 2004, to:

Michael A. Kahn, Esq.
Blackwell Sanders Peper Martin
720 Olive St., Ste 2400
St. Louis, MO 63101
(314) 345-6060, facsimile
**Attorney for Defendants Todd McFarlane and Todd McFarlane Productions, Inc.**

Peter Salsich III
Blackwell Sanders Peper Martin
720 Olive St., Ste 2400
St. Louis, MO 63101
(314) 345-6060, facsimile
**Attorney for Defendant TMP International, Inc.**

James P. Holloran, Esq.
Holloran & Stewart, P.C.
1010 Market st., Ste.1650
St. Louis, MO 63101
(314) 621-8512, facsimile
**Attorney for Defendant Tony Twist**

Mr. Russell Watters
Steven H. Schwartz
Brown & James
1010 Market Street, 20th Floor
St. Louis, Missouri 63101
314-421-3128 (facsmile)



STATE OF MISSOURI } SS
CITY OF ST. LOUIS

**MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(ST. LOUIS CITY)**

FILED
JUL - 9 2004
MARIANO V. FAVAZZA
CLERK, CIRCUIT COURT
BY _____ DEPUTY

Doe (Tony Twist) _____
_____
_____
_____
                    Plaintiff(s),

vs.

TCI Cablevision (McFarlane) _____
et al. _____
_____
_____
                    Defendant(s).

Cause No. 972-9415

Division No. 11

### JUDGMENT

This action came before this Court and a Jury. The parties appeared in person and by their respective attorneys. The issues have been duly tried and the Jury rendered its verdict(s).

VERDICT _____

Whereas, on the claim of _____Tony Twist_____ for [Plaintiff/Defendant] _violation of right of publicity_, against _Todd McFarlane, Todd McFarlane Productions, Inc.,_ [the Jury found in [Plaintiff/Defendant] favor of the (Plaintiff) (Defendant)] (and/or) [the Jury assessed the percentages of fault as follows:]

_____  __N/A__ %

_____  _____ %

**EXHIBIT 1**

14-L

1

PLAINTIFF COPY

**FILED**
JUL - 9 2004
MARIANO V. FAVAZZA
CLERK, CIRCUIT COURT
BY _____ DEPUTY

_____ %
_____ %
_____ %
100%

The Jury found the total damages of (Plaintiff), (Defendant), disregarding any fault on the part of (Plaintiff), (Defendant), to be $ __15,000,000.00__ Dollars and __00__ Cents.

WHEREFORE, it is hereby ordered and adjudged that __Tony Twist__

have and recover of:

__Todd McFarlane and Todd McFarlane Productions, Inc.__   $ __15,000,000.00__

_____ $ _____
_____ $ _____
_____ $ _____
_____ $ _____

VERDICT _____

Whereas, on the claim of __Tony Twist__ for
                         Plaintiff/Defendant
__violation of right of publicity__ , against
__TMP International, Inc.; Todd McFarlane Entertainment, Inc.; Image Comics, Inc.__ [the Jury found in
Plaintiff/Defendant
favor of the (Plaintiff), (~~Defendant~~)] (and/or) [the Jury assessed the percentages of fault as follows:]

_____ %
_____ %
_____ %
_____ %
_____ %
100%

14-L                           2                                   Form B
                         **PLAINTIFF COPY**

The Jury found the total damages of (Plaintiff), (Defendant), disregarding any fault on the part of (Plaintiff), (Defendant), to be $ _____ Dollars and _____ Cents.

WHEREFORE, it is hereby ordered and adjudged that ___N/A_____

_____

have and recover of:

_____   $ _____

_____   $ _____

_____   $ _____

_____   $ _____

_____   $ _____

_____   $ _____

FILED
JUL - 9 2004
MARIANO V. FAVAZZA
CLERK, CIRCUIT COURT
BY _____ DEPUTY

[Cost of this action to be taxed against the (Plaintiff(s)), (Defendant(s))) or [Cost waived].

_____ #45341                    _Michael Kuhn_ #35411
Attorney for Plaintiff, Bar#                Attorney for Defendant, Bar# Todd McFarlane &
120 S. Central Ave, Suite 1650                                            Todd McFarlane Productions, Inc.
Address St. Louis, MO 63122                 Address _____
314 863/1500                                _____
Phone #                                     Phone #  atty for D'mage Comics, Inc.

SEAL of the CIRCUIT COURT

SO ORDERED:

_____
Judge, Division No. _11_

Judge No. _28237_

IN TESTIMONY WHEREOF, I Have hereunto set my hand and affixed the seal of said Court, at office in the City of St. Louis, this __9__ day of __July__, 19 _2004_

MARIANO V. FAVAZZA
~~Circuit Clerk~~
By: _Dawn R Hansen_
Deputy Clerk

[ ] see attached supplemental judgment form(s) which is/are made a part hereto.

14-K                                3                                Form A