UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE HANOVER INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:04CV668 RWS |
| ) | |
| TMP INTERNATIONAL, INC., et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

This matter is before me on Defendant Employers Mutual of Wausau's ("Wausau") Motion to Dimiss Count III of Plaintiff The Hanover Insurance Company's ("Hanover") First Amended Complaint for Failure to State a Claim Under Rule 12(b)(6) [#67]. The motion will be denied.

## STANDARD

In ruling on a motion to dismiss, I must accept as true all the factual allegations in a complaint and view them in the light most favorable to the Plaintiff. Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993). A cause of action should not be dismissed for failure to state a claim unless, from the face of the complaint, it appears beyond a reasonable doubt that the Plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993).

## BACKGROUND

The facts as alleged are as follows. In May 1995, Hanover issued a commercial general liability insurance policy (the "Policy") to TMP International, Inc. Todd McFarlane Productions,

Inc., claims to be an additional insured under the Policy. The Policy was renewed for two additional years, and it provided coverage for officers of the insured under certain circumstances. Hanover's Policy to TMP International provided coverage for certain types of injuries, including personal injury and advertising injury, as defined in the Policy, including certain types of invasion of privacy, misappropriation and defamation. Hanover alleges that Wausau issued a Media Special Perils Policy to Image Comics, Inc. That policy also provided coverage for certain types of injuries or offenses including defamation, interference with the right of publicity, misappropriation, false advertising and other offenses. Wausau's policy covered officers of Image Comics, Inc. Todd McFarlane was an officer of TMP International, Inc., Todd McFarlane Productions, Inc., and Image Comics, Inc.

Todd McFarlane, TMP International, Inc., Todd McFarlane Productions, Inc. and Image Comics, Inc. were all sued by Tony Twist in state court for defamation, misappropriation of likeness, and civil conspiracy. Ultimately, Twist obtained a judgment against McFarlane and Todd McFarlane Productions, Inc., for $15 million. However, the jury found in favor of TMP International and Image Comics.

It has been alleged that Hanover owes a duty to pay all or part of the judgment entered against McFarlane. Hanover denies it has a duty to pay any of the judgment entered against McFarlane. However, to the extent that it may be found to have such a duty, Hanover seeks a ruling from the Court that Wausau, as another insurer of McFarlane by virtue of the policy issued to Image Comics, has an equal and coextensive duty to pay. Wausau claims that Hanover cannot maintain its claim because Hanover and Wausau did not insure identical risks and because Hanover has not paid any part of a defense or judgment.

**ANALYSIS**

Wausau argues that the contribution claim should be dismissed because "the allegations set forth in Hanover's First Amended Complaint do not prove (1) that the policies at issue insured identical risks and the identical insureds and (2) that it has paid more than its share of the underlying claim."

Wausau's motion will be denied, first, because Hanover is not required to prove its case in its Complaint. See Fed. R. Civ. P. 8(a) ("A pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . ."). Second, it will be denied because it refers to matters outside of the pleadings, i.e., the insurance polices and the state court complaint. This is not the appropriate procedural posture for addressing the merits of this issue.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Employers Mutual of Wausau's Motion to Dimiss Count III of Plaintiff The Hanover Insurance Company's First Amended Complaint for Failure to State a Claim Under Rule 12(b)(6) [#67] is **DENIED**.

Dated this 21st Day of December, 2005.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE