UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE HANOVER INSURANCE COMPANY, ) ) ) Plaintiff, ) ) vs. ) ) TMP INTERNATIONAL, INC., et al., ) ) Defendants. ) | Case No. 4:04CV668 RWS |

## MEMORANDUM AND ORDER

This matter is before me on Hanover's and Citizen's Joint Motion to Dismiss Counts III, VIII, IX, and X of Defendants' First Amended Counterclaim/Third Party Complaint [#76]. The motion will be denied. Hanover and Citizen have also moved the Court to hear oral arguments on their motion to dismiss [#122]. That motion will be denied because, after a thorough review of the issues, I have determined that oral argument is unnecessary.

## STANDARD

In ruling on a motion to dismiss, I must accept as true all the factual allegations in a complaint and view them in the light most favorable to the Plaintiff. Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993). A cause of action should not be dismissed for failure to state a claim unless, from the face of the complaint, it appears beyond a reasonable doubt that the Plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993).

**BACKGROUND**

The facts alleged are as follows. Hanover and Citizens are affiliated entities that operate under the same ownership and control. Hanover and Citizens have the same president. They share offices, employees, claims handling and information. They act in concert with one another, are bound by the same Code of Conduct, and are both wholly-owned subsidiaries of Allmerica Financial Corporation. Hanover is a New Hampshire corporation with its principal place of business in Massachusetts while Citizens is a Michigan corporation with its principal place of business in Michigan. From May 1, 1994, until June 1, 1998, Citizens and Hanover issued various policies covering some or all of the McFarlane Defendants.

Tony Twist brought a variety of claims (including libel, infringement of Mr. Twist's right of publicity and unjust enrichment) against the Insureds (and others) in his multi-count petition that he filed in 1997in the Underlying Lawsuit. At that time, Citizens and Hanover were the primary commercial general liability insurers for McFarlane Toys, TM Productions, and McFarlane, and had been since their inception. The allegations and claims Mr. Twist asserts in the Underlying Lawsuit fall within the coverage provided by Citizens and Hanover. Accordingly, the McFarlane Defendants notified their insurance agent and tendered defense of the Underlying Lawsuit to the Allmerica Insurers.

Hanover initially accepted coverage. However, it never fully satisfied its duty to defend, and more than six years after agreeing to provide a defense to its insureds, almost four years after the first trial of the Underlying Lawsuit, eleven days after stating its willingness to attend a settlement mediation, and just two weeks before the first day of the second trial, Hanover repudiated its contractual obligations.

The Underlying Lawsuit is now on appeal. Because of the size of the verdict—$15 million against TM Productions and McFarlane—neither of the judgment debtor Insureds was able to post an appeal bond. Collection efforts by Twist forced TM Productions to seek protection under Chapter 11 of the bankruptcy laws and to incur substantial legal and administrative expense and forced McFarlane to retain separate counsel to oppose those collections efforts, all at considerable legal and administrative expense.

**ANALYSIS**

**Count III**

Counts I and II of the First Amended Counterclaims and Third Party Complaint allege breach of contract against Hanover and Citizen separately. Count III alleges breach of contract against Hanover and Citizen jointly.

Hanover and Citizen argue that Count III must be dismissed because it is duplicative of Counts I and II. The McFarlane parties argue that Count III is an alternative legal theory, which is permissible under Fed. R. Civ. P. 8(e). I find that Count III is an alternative legal theory pled appropriately under Fed. R. Civ. P. 8(e).

As a result, the motion to dismiss Count III will be denied.

**Counts VIII & IX**

Count VIII alleges bad faith under Arizona law[1] against Hanover. Count IX alleges bad faith under Arizona law against Citizen. The counts will be analyzed together as they are indistinguishable for the purposes of this Order.

---

[1] Both parties analyzed this issue under Arizona law. Neither party engaged in a choice of law analysis. As a result, I will analyze the issue under Arizona law.

Hanover and Citizens argue that Counts VIII and IX must be dismissed "because bad faith relates to refusal by an insurer to settle within policy limits." Hanover and Citizens argue that because the McFarlane Defendants did not allege that Hanover and Citizens refused to settle within policy limits, they have not stated a claim for bad faith under Arizona law. Hanover and Citizens argue in the alternative that any claim for bad faith must be dismissed because it is not ripe according to Arizona precedent. Both arguments fail because they are misstatements of the law.

In Arizona, the tort of bad faith "is an intentional act by which the insurer fails to provide the insured with the security and protection from calamity which is the object of the relationship." Rawlings v Apodaca, 726 P.2d 565, 576 (Ariz. 1986) (en banc) (footnote omitted). The McFarlane Defendants allege that Hanover and Citizens acted in bad faith by reimbursing their defense costs pursuant to an unreasonable formula, by failing to conduct a reasonable investigation into the facts of the Underlying Lawsuit, by failing to respond to settlement overtures by Twist, and by refusing to defend or indemnify them on unreasonable grounds. The McFarlane Defendants allege that suffered damage from Hanover and Citizens' actions in that, among other things, they have incurred legal fees and have had to file bankruptcy as a result of the judgment in the Underlying Lawsuit.

I find that the McFarlane Defendants have stated a claim for bad faith under Arizona law against both Hanover and Citizens. As stated in Rawlings, the tort of bad faith is not limited to situations in which the insurer refuses to settle within the policy limits.

Hanover and Citizens' argument that the claims for bad faith are not ripe fail for the same reasons. The argument is based on cases in which the insurer failed to settle within the policy

limits and the plaintiff eventually won a verdict against the insured in excess of the policy limits. In those cases, the Arizona courts have held that the insured's claim for bad faith is not ripe until his or her appeals are exhausted. Otherwise, the courts have stated, the harm to the insured is "speculative." E.g., Manterola v. Farmers Ins. Exch., 30 P.3d 639, 643 (Ariz. Ct. App. 2002). In this case, the alleged harm to the McFarlane Defendants is not speculative. That is, they have alleged that they have already incurred monetary damages as a result of the alleged bad faith. As a result, the claims are ripe for decision.

As a result, the motion to dismiss Counts VIII and IX will be denied.

**Count X**

Count X alleges that Hanover and Citizens conspired with each other to act in bad faith to avoid their duties to defend and indemnify the McFarlane Defendants. Hanover and Citizens argue that the conspiracy count must be dismissed because corporations who are subsidiaries of the same parent corporation cannot conspire with one another as a matter of law.

The case law, however, cited by Hanover and Citizens in support of their motion, goes to conspiracies between parent corporations and their wholly owned subsidiaries. In those cases, there is precedent that no conspiracy can be said to exist because the entities "have a complete unity of interest." Copperweld Corp. v. Independence Tube Corp., 467 U.S. 752, 771 (1984). This case is distinguishable because the allegations run to two separate subsidiaries. At the very least, this is not the correct procedural posture to decide whether Hanover and Citizens are capable of conspiring with one another as a matter of law. I do not find beyond a reasonable doubt that the McFarlane Defendants can prove no set of facts in support of this claim that would entitle them to relief.

As a result, the motion to dismiss Count X will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Hanover's and Citizen's Joint Motion to Dismiss Counts III, VIII, IX, and X of Defendants' First Amended Counterclaim/Third Party Complaint [#76] is **DENIED**.

**IT IS FURTHER ORDERED** that Hanover and Citizens' Motion for Oral Argument [#122] is **DENIED**.

Dated this 3rd Day of January, 2006.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE