UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THE HANOVER INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:04CV668 RWS |
| TMP INTERNATIONAL, INC., et al., | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before me on Third-Party Defendant General Star Indemnity Company's Motion to Dismiss Counts V, VI, and VII of Defendants' First Amended Counterclaim and Third-Party Complaint under Fed. R. Civ. P. 12(b)(6) [#95]. The motion will be denied.

TMP International, Inc., Todd McFarlane Productions, Inc., Todd McFarlane Entertainment, Inc., and Todd McFarlane (collectively the "McFarlane Defendants") have alleged that they maintained a number of insurance policies with General Star, that according to the policies, General Star had a duty to defend and indemnify the McFarlane Defendants in an underlying lawsuit, and that General Star breached that duty resulting in damages to the McFarlane Defendants. General Star has moved for dismissal on the grounds that there has been no covered "occurrence" as defined by the policies and because the requisite events have not taken place that would give rise to a duty to defend or indemnify the McFarlane Defendants.

**DISCUSSION**

In support of its motion, General Star attached as exhibits 18 separate documents totaling 356 pages of material. Seventeen of the documents appear to be copies of the insurance policies

between General Star and the McFarlane Defendants. The insurance policies are each specifically referenced in the McFarlane Defendants' Third-Party Complaint. However, none of the insurance policies were attached as an exhibit to the Third-Party Complaint.

The McFarlane Parties argue that General Star's numerous exhibits are matters outside of the pleadings, which would require that the motion to dismiss be treated as one for summary judgment. They further argue that they would be prejudiced were they required to respond to a motion for summary judgment at this stage of the proceedings as they are in the process of conducting discovery on this issue.

General Star argues that the McFarlane Defendants were required to attach the insurance policies to their Third-Party Complaint, and as a result, General Star should be permitted to attach the policies to its motion without requiring the motion to be treated as one for summary judgment.

### *Standard on a Motion to Dismiss*

In ruling on a motion to dismiss, I must accept as true all the factual allegations in a complaint and view them in the light most favorable to the Plaintiff. Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993). A cause of action should not be dismissed for failure to state a claim unless, from the face of the complaint, it appears beyond a reasonable doubt that the Plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993).

### *Rules 10(c)*

Under Rule 10(c), "A copy of any written instrument which is an exhibit to a pleading is part thereof for all purposes." "Rule 10(c) is permissive only, and there is no requirement that the

pleader attach a copy of the writing on which his claim for relief or defense is based." Wright & Miller, Federal Practice and Procedure: Civil 3d § 1327.

*Rule 12(b)*

Under Rule 12(b),

> If, on a motion [to dismiss for failure to state a claim], matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

*Whether the Insurance Policies May be Considered for the Purpose of Deciding the Motion to Dismiss*

It is well settled that when a party attaches a document as an exhibit to her complaint pursuant to Rule 10(c), that document is part of her complaint and may be considered by the court when ruling on a motion to dismiss for failure to state a claim. E.g., Bradford v. Huckabee, 394 F.3d 1012, 1015 (8th Cir. 2005). In this case, the McFarlane Defendants did not attach the insurance policies to their Third-Party Complaint. So, the question in this case is whether I may consider the documents attached to General Star's motion when they were not attached to the Third-Party Complaint and made part thereof pursuant to Rule 10(c).

The United States Court of Appeals for the Eighth Circuit has not addressed this issue. However, many federal courts have addressed this issue, and the majority of those courts have found that consideration of documents attached to a motion to dismiss for failure to state a claim is proper where "the plaintiff has referred to the item in the complaint and it is central to the affirmative case." Wright & Miller, Federal Practice and Procedure: Civil 3d § 1327 (collecting cases). However, "lengthy or numerous exhibits containing extraneous or evidentiary material

should not be attached to the pleadings." Id.

The documents that General Star has attached to its motion to dismiss are lengthy and numerous and contain extraneous material. As a result, they should not have been attached to the pleadings and are not appropriately considered on a motion to dismiss for failure to state a claim.

Even if it would have been proper to attach them to the pleadings, it would be impracticable for me to consider 17 separate insurance policies totaling 354 pages in deciding a motion to dismiss for failure to state a claim. The policies represent contracts between a number of different entities covering a period of many years. In order to negotiate the volume of material, I would require the benefit of a statement of material facts. As a result, I find that this matter would more properly be treated at the summary judgment stage, and I will deny the motion as premature.

The McFarlane Defendants have indicated that they would require additional discovery if they were served with a motion for summary judgment at this time. They have not, however, indicated a time frame by which they would be ready to respond to such a motion. As a result, I will deny the motion to dismiss without prejudice. General Star may file a motion for summary judgment at any time. If the McFarlane Defendants believe additional discovery needs to be taken before responding to a motion for summary judgment, I will take that issue up when and if it arises.

Accordingly,

**IT IS HEREBY ORDERED** that General Star Indemnity Company's Motion to Dismiss Counts V, VI, and VII of Defendants' First Amended Counterclaim and Third-Party Complaint under Fed. R. Civ. P. 12(b)(6) [#95] is **DENIED** without prejudice.

Dated this 6th day of January, 2006.

                                                    RODNEY W. SIPPEL
                                                  UNITED STATES DISTRICT JUDGE