UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THE HANOVER INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:04CV668 RWS |
| TMP INTERNATIONAL, INC., et al., | ) ) ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

This matter is before me on Third-Party Defendant The Travelers Indemnity Company of America's ("Travelers") Motion to Dismiss Count VIII of Tony Twist's Amended Counterclaim and Cross-claims [#101], Defendant Employers Mutual of Wausau's ("Wausau") Motion to Dismiss Counts I and II of Tony Twist's Amended Counterclaim and Cross-claims [#112], and Third-Party Defendant General Star Indemnity Company's ("General Star") Motion to Dismiss Count X of Tony Twist's Amended Counterclaim and Cross-claims [#114]. Travelers' and General Star's motions will be granted. Wausau's motion will be granted in part and denied in part – Count II will be dismissed, but Count I will not.

**STANDARD**

In ruling on a motion to dismiss, I must accept as true all the factual allegations in a complaint and view them in the light most favorable to the Plaintiff. Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993). A cause of action should not be dismissed for failure to

state a claim unless, from the face of the complaint, it appears beyond a reasonable doubt that the Plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993).

**ANALYSIS**

*Twist's Equitable Garnishment Claims*

Counts II, VIII, and X of Tony Twist's Amended Counterclaim and Cross-claims allege that Twist may recover against Wausau, Travelers, and General Star, respectively, under Mo. Rev. Stat. § 379.200. Twist has failed to plead a proper claim under § 379.200, and those counts will be dismissed.

Section 379.200 states:

> Upon the recovery of a final judgment against any person, firm or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury or death, or *damage to property* if the defendant in such action was insured against said loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money, provided for in the contract of insurance between the insurance company, person, firm or association as described in section 379.195,[1] and the defendant, applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor may proceed in equity against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment. This section shall not apply to any insurance company in liquidation.

Mo. Rev. Stat. § 379.200 (emphasis added).

Twist alleges that he obtained a final judgment against an insured for which he

---

[1] Section 379.195 covers insurance policies that indemnify "against loss or damage on account of the bodily injury or death *or damage to property by accident* . . ." (Emphasis added.)

- 2 -

may recover against Wausau, Travelers, and General Star (collectively, the "Insurers") under Mo. Rev. Stat. § 379.200. The underlying action for which Twist seeks to recover is a judgment against Todd McFarlane and his companies for violations of Twist's right of publicity. Twist's argument is that: the right of publicity is a property right in Missouri, a Missouri court has issued a final judgment against the McFarlane companies for violations of Twist's right of publicity, Wausau, Travelers, and General Star were insurers of the McFarlane companies, and as a result, Twist may recover against the Insurers under § 379.200 because it covers property rights.

The Insurers argue that Twist has confused property rights with damage to property. They argue that a plain reading of the statute indicates that it is meant to cover damage to *tangible* property, whereas the right of publicity is a property interest in *intangible* property. E.g., McCarthy on Trademarks and Unfair Competition § 28:46 at fn 1 (4th ed.) (right of publicity is intangible personal property). The Insurers argue that intangible property cannot be "damaged" like tangible property can. As a result, it is argued, § 379.200 does not apply to cases in which a final judgment has been entered regarding litigant's right of publicity. I agree with the Insurers that the plain language of the statute limits its application to tangible property. And that reading is reinforced by the reference in § 379.105 to damage "by accident."

Additionally, all of the reported Missouri cases that have applied § 379.200 to property damage have limited its application to damage to tangible property. No Missouri case has applied § 379.200 to "damage" to a litigant's right of publicity or to

any other species of intangible property, such as intellectual property. As a result, I find that

§ 379.200 does not apply to property rights in intangible property, and I will dismiss Counts II, VIII, and X of Tony Twist's Amended Counterclaim and Cross-claims for failure to state a claim upon which relief can be granted.

### *Twist's Claim for Declaratory Judgment Against Wasau*

Wausau has moved for dismissal of Count I Twist's Amended Counterclaim and Cross-claims. Count I seeks a declaratory judgment that Wausau is liable under its insurance contract with McFarlane to defend and indemnify him in the underlying lawsuit. Wausau argues that this count should be dismissed because it only had a duty to defend and indemnify McFarlane in his capacity as an officer of Image Comics and that Image Comics received a favorable judgment in the underlying lawsuit. Twist responds that an unfavorable verdict was entered against Todd McFarlane, and that verdict was silent as to whether it was entered against McFarlane in his capacity as an officer of Image Comics. Wausau's motion to dismiss Count I refers to matters outside of the pleadings. As a result, I will deny the motion to dismiss Count I because it requires factual findings that are inappropriate at this stage of the proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that The Travelers Indemnity Company of America's Motion to Dismiss Count VIII of Tony Twist's Amended Counterclaim and Cross-claims [#101] is **GRANTED**.

**IT IS FURTHER ORDERED** that Employers Mutual of Wausau's Motion to Dismiss Counts I and II of Tony Twist's Amended Counterclaim and Cross-claims [#112] is **GRANTED** in part and **DENIED** in part. Count I will not be dismissed. Count II will be dismissed.

**IT IS FURTHER ORDERED** that General Star Indemnity Company's Motion to Dismiss Count X of Tony Twist's Amended Counterclaim and Cross-claims [#114] is **GRANTED**.

Dated this 24th day of January, 2006.

                                            RODNEY W. SIPPEL
                                            UNITED STATES DISTRICT JUDGE