IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **THE HANOVER INSURANCE COMPANY,** ) | |
| ) | |
| Plaintiff-Counterclaim Defendant, ) | |
| ) | |
| v. ) | Case No. 4:04CV00668RWS |
| ) | |
| **TMP INTERNATIONAL, INC., et al.,** ) | |
| ) | |
| Defendant-Counterclaim Plaintiffs. ) | |

### DEFENDANT TONY TWIST'S MEMORANDUM IN OPPOSITION TO THE HANOVER INSURANCE COMPANY AND CITIZENS INSURANCE COMPANY OF AMERICA JOINT MOTION, AND SUPPORTING SUGGESTIONS, TO DISMISS COUNTS IV AND VI OF TWIST'S SECOND AMENDED COUNTERCLAIM OF TWIST'S SECOND AMENDED COUNTERCLAIM

Defendant Counterclaimant/Cross Claimant Tony Twist ("Twist") submits this Memorandum in Opposition to The Hanover Insurance Company's and Citizens Insurance Company of America's Joint Motion, and supporting suggestions, to dismiss Counts IV and VI of Twist's Second Amended Counterclaim and Cross-Claim.

### INTRODUCTION

The Hanover Insurance Company and Citizens have jointly moved to dismiss Counts IV and VI of Twist's Second Amended Cross-Claim contending that Twist cannot state a claim under V.A.M.S. §379.200 as a matter of law[1] because the judgment in the underlying lawsuit is not on account of bodily injury, death or property damage. Contrary to the Motion, the

---

[1] Several other insurance company parties (General Star, Travelers and Wausau) previously filed motions to dismiss the statutory action (V.A.M.S. §379.200 of Tony Twist's prior pleading, the Amended Counterclaim and Crossclaim and the Court granted those Motions on January 24, 2006 after the Second Amended Counterclaim and Cross Claim was filed. However, neither Hanover or Citizens previously filed a motion to dismiss the statutory action and the Court's orders of January 24, 2006 does not directly address the claims asserted against Hanover and Citizens in the Amended CounterClaim and Cross Claim which are identical to the allegations made in the instant Second Amended Counterclaim and Cross-claim

1

allegations of Counts IV and VI of the Second Amended Cross-Claim are sufficient to trigger coverage thereunder for "property damage" and therefore the motion to dismiss should be denied.

## Standard of Review

When ruling on a motion to dismiss, the Court must take the allegations of the Complaint as true construing the Complaint and all reasonable inferences in a light most favorable to the plaintiff. *Morton v. Becker,* 793 F.2d 185, 187 (8th Cir. 1986). A motion to dismiss should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957) *see also McCormick v. Aircraft Mechs. Fraternal Association,* 340 F.3d 642, 644 (8th Cir. 2003) *and Coleman v. Watt,* 40 F.3d 255, 258 (8th Cir. 1994) "The issue is whether, taking all well-pleaded factual allegations in the complaint to be true, the complaint states a claim that would entitle the plaintiff to relief against the defendants under *some* set of facts." *Webb v. Lawrence County, South Dakota,* 144 F.3d 1131, 1136 (8th Cir. 1998) (emphasis added). The allegations of Twist's Second Amended Counterclaim andCross-Claim against Hanover and Citizens Star state a claim that would entitle him to relief under V.A.M.S. §379.200.

## Allegations of the Cross-Claim against Hanover and Citizens

As noted above when reviewing a motion to dismiss the court is to take the allegations of the Complaint as true. Thus, it is necessary to review the allegations of Twist's Cross-Claim against Hanover and Citizens. When reviewing the allegations and taking those allegations and the inferences drawn therefrom as true and in the light most favorable to Twist, it is clear that Twist has stated a claim.

2

Counts IV and VI of Twist's Second Amended Counterclaim and Cross-Claim against Hanover and Citizens is a direct action under V.A.M.S. §379.200 which provides in part as follows:

> Upon the recovery of a final judgment against any person, firm or Corporation by any person . . . for loss or damage on account of bodily injury or death, or damage to property if the defendant in such action was insured against said loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money, provided for in the contract of insurance between the insurance company, person, firm or association . . . and the defendant applied to the satisfaction of the judgment and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor may proceed in equity against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment . . . .

Twist alleges that he has recovered a judgment in the amount of $15,000,000.00 from Defendants Todd McFarlane Productions and Todd McFarlane on August 23, 2004 on his claim for violation of Twist's right of publicity. (Tony Twist's Second Amended Counterclaim and Cross-Claims ("Counterclaim") ¶¶53, 54) Twist also alleges that Citizens issued commercial general liability insurance policies to TMP International, Inc., and that Todd McFarlane was an additional insured under the Citizens policy for the time period June 1, 1994 through May 1995. (Counterclaim ¶¶15, 16). In addition, Twist alleges that Hanover issued several commercial general liability policies to TMP International Inc. effective during the times periods, May 1, 1995-May 1, 1996 and renewed and extended until June 1, 1998 and that Todd McFarlane and Todd McFarlane Productions, Inc. were insureds under those policies. Cross-Claim ¶¶21 and 22). Twist expressly alleges that Citizens and Hanover's policies provide coverage for the right of publicity claim of and judgment in favor of Tony Twist and the property damages he sustained

3

and was awarded as a result thereof. (Counterclaim ¶73, 80). In addition, Twist expressly alleged that Hanover's policy provides coverage for bodily injury and property damage. (Counterclaim ¶23). Thus, Twist has alleged the elements required by the statute to wit: a judgment for property damages, the existence of insurance agreement between the insurers, Citizens and Hanover, and the defendant against whom a judgment was entered, and that such defendant was insured against such losses and damages.

### Argument

Twist obtained a judgment in the underlying lawsuit on his claim for violation of his right to publicity. The Missouri Supreme Court has indicated that the right of publicity is a property right. *See Doe v. TCI Cablevision*, 110 S.W.3d 363, 371 (Mo banc. 2003). *See also,* 4 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition §28:46 (4th ed.) and cases cited therein. Therefore, the loss and damage are property damage as contemplated by the statue.

Neither Hanover nor Citizens provide any case law or statutory authority in support of its motion to dismiss. These insurers merely argue that the judgment was not on account of bodily injury or death or damage to property and that Twist recovered on a claim of infringement of right of publicity. Hanover and Citizens argue that Twist cannot state claim for relief as a matter of law without any support for such statement.

There isn't any authority addressing the issue of whether the statute was intended to apply to cases involving damage to property rights other than injury to tangible property or that the statue was limited to tangible property and the statute itself does not make it clear. Moreover an action under V.A.M.S. §379.200 is an alternative to execution on a judgment or garnishment of a judgment debtor. The purpose of V.A.M.S. §379.200 "was to afford another remedy by which, with existing remedies, [insurance] funds, under all conditions, might be made available and

4

subject to the payment of a [tort plaintiff's] judgment. *Linder v. Hawkeye-Security Ins. Co.*, 472 S.W.2d 412, 415 (Mo. banc. 1971) (*quoting Lajoie v. Central West Cas. Co.*, 228 Mo.App. 701, 71 S.W.2d 803, 812 (Mo.App. 1934). *See, Schott v. Continental Auto Ins. Underwriters*, 326 Mo. 92, 31 S.W.2d 7, 11 (Mo. 1930) "The remedy provided by the act is essentially that of a creditor's bill or equitable garnishment..." Thus, Twist is merely seeking to obtain payment of his judgment from the proceeds of the Hanover and Citizen's policies as authorized by the statute. Accordingly, Hanover and Citizens Joint Motion to Dismiss Counts IV and VI should be denied because when construing all of the allegations and the reasonable inferences therefrom in the light most favorable to Twist it appears that Twist has stated a claim for relief against General Star under V.A.M.S. §379.200.

BLITZ, BARDGETT & DEUTSCH, L.C.

By: *Ellen Dunne*

Robert D. Blitz, #3557
R. Thomas Avery, #3509
Christopher O. Bauman, #499786
Ellen W. Dunne # 3024
120 S. Central Ave., Suite 1650
St. Louis, Missouri 63105
(314) 863-1500 (phone)
(314) 863-1877 (facsimile)
**Attorneys for Defendant
Tony Twist**

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of March, 2006, the foregoing was served by operation of the Court's electronic filing system and/or first class U.S. Mail, postage prepaid upon the following:

Michael A. Kahn, Esq.
Geoffrey Gerber

Blackwell Sanders Peper Martin
720 Olive St., Ste 2400
St. Louis, MO 63101
(314) 345-6060, facsimile
**Attorney for Defendants Todd McFarlane, Todd McFarlane Productions, Inc. and TMP International, Inc.**

James P. Holloran, Esq.
Holloran & Stewart, P.C.
1010 Market St., Ste.1650
St. Louis, MO 63101
(314) 621-8512, facsimile
**Co-Counsel for Defendant Tony Twist**

Mr. Russell Watters
Steven H. Schwartz
Mr. John D. Briggs
Brown & James
1010 Market Street, 20th Floor
St. Louis, Missouri 63101
314-421-3128 (facsmile)
**Attorneys for Plaintiff Hanover and Citizens Insurance Company of America**

Dana M. Ugolini
Shaun McParland Baldwin
Tressler Soderstrom Maloney & Priess
Sears Tower, 22nd Floor
233 S. Wacker Drive
Chicago, IL 60606-6308
Phone 312-627-4000
Fax 312-627-1717
**Attorneys for The Travelers Indemnity Company of America**

Kurtis B. Reeg
James G. Nowogrocki
Reeg & Nowogrocki, LLC
120 S. Central, Suite 750
St. Louis, MO 63105
Phone 314-446-3350
Fax 314-446-3360
**Attorneys for The Travelers Indemnity Company of America**

B. Gerard Cordelli
The Coverage Law Firm, PLLC
1629 K Street, N.W., Suite 802
Washington, DC 20006-1637
Phone 202-785-4134
Fax 202-785-0820
**Attorneys for General Star Indemnity Company**

Anthony L. Martin, Esq.
Stephen M. Murphy, Esq.
Sandberg, Phoeniz & vonGontard, P.C.
One City Centre, 15th Floor
St. Louis, Missouri 63101
**Attorneys for General Star Indemnity Company**

James J.S. Holmes
Stacy R. Goldscher
Sedgwick, Detert, Moran & Arnold, LLP
801 S. Figueroa St., 18th Floor
Los Angeles, CA 90017
Phone 213-426-6900
Fax 213-426-6921
**Attorneys for Employers Insurance of Wausau**

D. Keith Henson
Paule, Camazine & Blumenthal, P.C.
165 n. Meramec Avenue, 6th Floor
St. Louis, MO 63105
Phone 314-727-2266
Fax 314-727-2101

Clay H. Phillips
Alison L. Miner
Bollinger, Ruberry & Garvey
500 West Madison Street, suite 2300
Chicago, IL 60661
**Attorneys for Lumbermens Mutual Casualty Company**

*Ellen Dunne* (signature)