UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE HANOVER INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 4:04CV668 RWS ) |
| TMP INTERNATIONAL, INC., et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

In 1997, Defendant Tony Twist filed a lawsuit against Defendants TMP International, Inc., Todd McFarlane Productions, Inc., and Todd McFarlane (the McFarlane Defendants) among other defendants. That lawsuit has resulted in a judgment of $15 million in favor of Tony Twist against Todd McFarlane Productions and Todd McFarlane.

On May 28, 2004, Plaintiff Hanover Insurance Company filed this action seeking a declaratory judgment that it does not owe any obligation or duty to indemnify or defend the McFarlane Defendants in the underlying lawsuit.

On December 17, 2004, Defendant Todd McFarlane Productions, Inc. filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (11 U.S.C. §§ 101-1330) in the United States Bankruptcy Court for the District Of Arizona (Case No. 2-04-bk-21755 CGC). It is clear from the record in this Court and in the bankruptcy court that the sole reason Todd McFarlane Productions, Inc. sought relief in bankruptcy was as a result of the substantial Twist judgement and his efforts to collect it. The schedules in the bankruptcy filing of Todd McFarlane Productions, Inc. indicate that the Twist judgment is by far the largest amount

claimed against the estate. Todd McFarlane Productions, Inc.'s claims against the insurers related to the Twist judgment are by far the greatest potential asset of its estate. The bankruptcy court issued a relief from stay on June 6, 2005 which allowed Todd McFarlane Productions, Inc. to proceed in the present case.

Since that time the parties have added several other insurance carriers into this lawsuit, namely, Employers Insurance of Wausau, Citizens Insurance Company of America, Travelers Indemnity Company of America, General Star Indemnity Company, and Lumbermens Mutual Casualty Company. The McFarlane Defendants seek declarations that various insurance policies issued by these carriers will cover a substantial part, if not all of, Twist's judgment and the legal defense fees associated with that litigation. Defendant Twist seeks a declaration that there is coverage for his judgment and seeks to collect the proceeds.

On November 30, 2005, the McFarlane Defendants file a motion for partial summary judgment against Hanover and Citizens. In early December 2005, the McFarlane Defendants filed motions for partial summary judgments against Travelers and General Star. Due to continued discovery and multiple extensions of time these motions only became ripe for ruling on July 14, 2006 when the McFarlane Defendants filed their reply to these motions. Other dispositive motions are pending in this matter which have not yet been fully briefed or which very recently have been fully briefed.

On June 15, 2006, I held status conference and inquired of the parties why this case was not better suited to be submitted to the bankruptcy court in which Todd McFarlane Productions, Inc. had filed for relief. I was concerned with potential delays in these proceedings based on the interplay of this case with the bankruptcy court. The parties acknowledged that the dispute

between the insurance carries and Todd McFarlane Productions, Inc. would be in the nature of a core proceeding under 11 U.S.C. § 157(b)(2) and therefore subject to the jurisdiction of the bankruptcy court. None of the parties presented a substantive reason why this case should not be referred to the bankruptcy court.

My concern about delays and piecemeal litigation became a reality when the McFarlane Defendants reached a settlement with Travelers Indemnity Company of America. The parties must present the settlement to the bankruptcy court for approval which prevents that part of the case from going forward in this court. In addition, this potential settlement has brought objections from Defendant Twist and objections and a motion to add new claims to this suit by Defendant General Star Indemnity Company.

I find that having this matter litigated in two different federal court prevents a "just, speedy, and inexpensive determination" of this lawsuit which is the scope and purpose of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 1.

Although I am allowed by the relief from stay in the Todd McFarlane Productions, Inc. bankruptcy to determine any liability under the subject insurance policies, I am prevented from entering any final order of distribution. That decision must be made by the bankruptcy court. Although the parties may settle some claims I am not able to approve those settlements. That decision must be made by the bankruptcy court. The case in this court becomes bogged down based on the mandatory involvement of the bankruptcy court. Decisions in the bankruptcy court will have an impact upon whether new claims are brought by at least one insurer, General Star, and potentially more insurers.

I find that in the interests of justice, to prevent piecemeal litigation, this case should be

transferred to the United States District Court for the District of Arizona to be referred to the United States Bankruptcy Court for the District of Arizona, Case No. 2-04-bk-21775 CGC.[1] The bankruptcy judge is in the same position as I in that the dispositive motions are just being fully briefed and coverage issues turn on a review of the insurance policies. Where the bankruptcy judge is at an advantage is the he is able to make decisions on settlement issues and ultimately order the distribution of potential insurance proceeds. As this case concerns the collection of the largest potential asset of Todd McFarlane Productions, Inc.'s estate and the claim of Todd McFarlane Productions, Inc.'s largest creditor, I find that, in the interest of justice, this case should be decided in Todd McFarlane Productions, Inc.'s bankruptcy proceeding. I note that because Defendant Twist has actively participated in that bankruptcy proceeding this transfer will not prejudice his claims.

Accordingly,

**IT IS HEREBY ORDERED that** the Clerk of Court shall transfer this action to the United States District Court for the District of Arizona pursuant to 28 U.S.C. 1404(a).

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of August, 2006.

---

[1] It is well settled that a court may transfer a case sua sponte pursuant to 28 U.S.C. § 1404(a). See, e.g., Caldwell v. Palmetto State Savings Bank, 811 F.2d 916, 919 (5th Cir. 1987).